380 P.2d 725

STATE of Utah, Plaintiff and Respondent,

v.

Vernal PIERCE, Defendant and Appellant.

No. 9786.

Supreme Court of Utah.

April 23, 1963.

Tuft & Marshall, John G. Marshall, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a burglary conviction. Affirmed.

Defendant and his girl friend deliberately planned the theft of a television set from a motel and accomplished it. The modus operandi was to display a phony driver's license and deliver a forged check, under an alias. Under these circumstances, they were admitted to the motel and defendant stole the television.

Defendant says that obtaining the owner's consent to enter precludes any question of burglary under these circumstances. Under our statute, a burglary can be committed either with or without force or a breaking, the vital circumstance being the intent to commit larceny or any felony.[1] The necessary intent and the fact of larceny were shown here to the satisfaction of the veniremen. The contention that consent to enter inoculates against burglary is not tenable, since the consent that would do so is not synonymous with consent obtained by trick or deception, as was the case here,— which so far as burglary is concerned, is no consent at all.[2] It is as derelict to trick one into an entry as to shove one's fist through a glass door, though the latter may be more hazardous and painful.

Defendant's contention that the television was a fixture, not personalty, is without merit. There was no convincing evidence one way or the other; if it were a fixture, it was severed and became personalty, and furthermore, such contention was urged for the first time on appeal.

Defendant's counsel was court-appointed and is to be commended and thanked for an excellent presentation.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

---

1. Title 76-9-3, Utah Code Annotated 1953.

2. Clark & Marshall, Crimes, 6th ed., Sec. 13.07, p. 881.