No. 46,600

STATE OF KANSAS, *Appellee,* v. SHERMAN LIGHTLE, *Appellant.*

(502 P. 2d 834)

Opinion filed November 4, 1972.

*Helen Mountford,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Nick Tomasic,* chief deputy county attorney, argued the cause, and *Vern Miller,* attorney general, and *Frank D. Menghini,* county attorney, were with him on the brief for the appellee.

*Per Curiam:* The appeal is from a conviction for the sale of narcotic drugs in violation of the Uniform Narcotic Drug Act, Article 25 of Chapter 65 of Kansas Statutes Annotated.

The alleged sale was of two small pills which were described in the information as "Dilaudid" and identified as such by chemical analysis.

Appellant first claims that he was denied due process of law by the refusal of the court to grant his pretrial request for production of the pills for independent chemical analysis, and for refusal by the court to suppress the evidence. The trial judge based his rulings on (1) that the request for production was untimely, and (2) that the pills in question had been used up in the process of analysis by the state.

K. S. A. 1971 Supp. 22-3212 (6) requires a pretrial discovery motion to be filed "no later than twenty (20) days after arraignment or at such reasonable later time as the court may permit." The defendant's motion was in fact not filed until September 29, 1971, which was 131 days after arraignment on May 21, 1971, and a short time before trial. We hold that the trial court did not abuse its discretion in denying the motion on the basis of its being unreasonably late.

Since the information described the drug as "Dilaudid," it appears the pills were consumed in the analysis process before the information was filed. Such identification was the result of the tests made in order to determine whether the subject of the sale was a prohibited narcotic and to form the basis for the charge. Hence, it appears that even if the defendant had made his request for produc-

tion within twenty days after arraignment, it would have been fruitless as the pills were then non-existent.

This raises the question of whether the defendant was denied due process of law by the act of the state in using up the physical evidence to determine whether it had a case for prosecution, thus denying the defendant an opportunity to have the pills independently analyzed in the course of pretrial discovery.

We know of no principle which, in the absence of fraud or bad faith, imposes any duty on the part of the prosecution to invite an accused to participate in its investigatory and trial preparation procedures. Due process of law does not reach this far. Under K. S. A. 1971 Supp. 22-3212, a defendant may make a timely motion for permission to inspect such tangible objects as exist in the possession, custody or control of the prosecution upon showing that the request is "reasonable." A request is hardly reasonable if the object has ceased to exist by reason of valid conduct bringing about its non-existence, such as for the making of a necessary chemical analysis. Other examples come to mind such as a blood or breath test to determine intoxication, or analysis of minute particles of any kind.

The discovery statute, mentioned above, also permits the inspection of results or reports of scientific tests in the hands of the prosecution. The record shows that the files of the state, including the results of the test for narcotics, have been open and available to the defendant. A pretrial conference was held on July 9, 1971, more than two months before trial. The defendant makes no claim that he was denied access to the results of the laboratory tests.

Appellant also claims that the drug "Dilaudid" does not come within the statutory designation of prohibited narcotics. On this point there was competent testimony that Dilaudid is Dihydromorphinone and is a narcotic drug produced from opium. The modern dictionary definition of "Dilaudid" is "The hydrochloride salt of dihydromorphinone." "Dihydromorphinone" is "a narcotic compound prepared from morphine and used chiefly as an analgesic." "Morphine" is "the most important narcotic principle of opium." Of these we take judicial notice as corroborative of the testimony. Thus, it is evident that Dilaudid is a narcotic drug within the definition of K. S. A. 65-2501 (18).

The final point made by appellant is that the trial court erred in permitting officer Vaughan to testify that he had been at the defendant's home twice before the day he made the purchase. The court excluded testimony as to what transpired at the two prior

visits. Appellant would assume that the jury attached implications of prior guilt to the fact of the prior visits and the prosecutor's comment in his final argument. The evidence was relevant as showing prior acquaintance and the reasonableness of the testimony of the purchase. No prejudicial error appears.

The record shows that the defendant had a fair trial and there was evidence to support a verdict of guilty beyond a reasonable doubt. Judgment of the lower court is affirmed.