No. 47,449

STATE OF KANSAS, *Appellee*, v. FREDDIE LAUGHLIN, *Appellant*.

530 P. 2d 1220)

Opinion filed January 25, 1975.

*Charles E. Worden,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal from defendant Freddie Laughlin's conviction in the trial court of the charge of aggravated robbery, as that offense is defined by K. S. A. 1973 Supp. 21-3427. Defendant's motion for a new trial was denied, sentence was imposed, and a timely notice of appeal to this court was filed.

Since the statement of points raised on appeal concerns alleged trial errors and not the sufficiency of the evidence, the facts leading up to defendant's arrest need not be stated in detail. Suffice it to say that the state offered sufficient evidence at trial to show beyond a reasonable doubt that defendant and his accomplice robbed a liquor store at gunpoint of approximately sixty-three dollars on September 8, 1972. Although defendant was tried alone, his accomplice, Mack Ivory, had previously pleaded *nolo contendere* to a charge arising out of the same incident and was serving his sentence at the time of defendant's trial.

During the trial of defendant, Ivory was called as a witness by the defense. His testimony on direct examination was to the effect that neither he nor defendant had anything to do with the robbery of the liquor store. On cross-examination of Ivory by the state, the court permitted the prosecuting attorney, over the objections of defendant's counsel, to inquire into his plea of *nolo contendere* and robbery conviction.

Defendant argues as his first point on appeal that the trial court

erred in allowing the state to cross-examine one of defendant's witnesses as to a prior conviction for the purpose of impairing his credibility. An examination of the record shows the state questioned Ivory as to his present residence, which was the Kansas Reception and Diagnostic Center, and the fact that he was convicted of robbery from charges arising out of the same incident with which defendant was charged.

The question of the admissibility of evidence of the prior conviction of a witness to impair his credibility is governed by K. S. A. 60-421, which reads in part:

"Evidence of the conviction of a witness for a crime not involving *dishonesty or false statement* shall be inadmissible for the purpose of impairing his credibility. . . ." (Emphasis added.)

Under this section no witness on cross-examination may be impeached concerning former convictions unless they involved crimes of "dishonesty or false statement." Accordingly, the question to be determined in the instant case is whether a conviction for robbery constitutes a crime of dishonesty within the meaning of 60-421.

Crimes which are impulsive or which are committed in the heat of passion, or crimes which are founded on negligence, or crimes which in no way reflect a dishonest nature, would not normally reflect on the credibility of the witness and should not be admissible.

On the other hand, there are crimes which are inherently dishonest, whether because of their willful character, disregard for decency, or general lack of fairness. In *State v. Price*, 215 Kan. 718, 529 P. 2d 85, we concluded that the crime of robbery fell within this category.

Defendant's additional claim of error raises the question of whether the impeachment of a witness on cross-examination by inquiring as to prior convictions of the witness is subject to exclusion as being beyond the scope of direct examination. In the instant case the scope of the direct examination of Ivory was expressly limited to matters relating to his arrest on the night of the crime. It has already been pointed out, however, that on cross-examination the state questioned Ivory concerning his prior robbery conviction. Defendant contends the trial court abused its discretion by allowing the state to attack Ivory's credibility when that issue was not raised on direct examination.

Both parties concede the general rule to be that the cross-examination of a witness must be limited to the testimony of matters raised

on direct examination, or matters relevant thereto. While this court has traditionally followed this rule, we have noted that exceptions thereto are a matter of discretion with the trial court. (*State v. Guffey*, 205 Kan. 9, 468 P. 2d 254.)

There is some authority for the proposition that the rule limiting cross-examination to the scope of direct examination does not apply when the cross-examination is used to test the credibility of the witness. (98 C. J. S., Witnesses, § 484, p. 372.) While this court apparently has never stated that view, we have consistently held that the proper scope of cross-examination is within the sound discretion of the trial court. (*State v. Ralls*, 213 Kan. 249, 515 P. 2d 1205; *State v. Nirschl*, 208 Kan. 111, 490 P. 2d 917.) Moreover, the propriety of allowing the state to go beyond the scope of direct examination to impair the credibility of a witness is supported by K. S. A. 60-420, which permits any party to examine a witness as to any conduct or matter relevant upon the issue of credibility. Although that provision is subject to the limitations of 60-421 and 60-422, the only restriction to matters raised on direct examination applies when the witness is the accused in a criminal proceeding. No similar limitation is placed on the cross-examination of a witness other than the accused, as to evidence of a conviction as affecting his credibility.

In view of the foregoing, we conclude that impeachment of witness Ivory on cross-examination by inquiring as to a prior robbery conviction of the witness was proper and the trial court did not abuse its discretion in permitting the inquiry.

The judgment of the trial court is affirmed.