MR. JUSTICE HODGES
delivered the opinion of the Court.
Defendant Thomas is charged with aggravated robbery and conspiracy. He filed a pretrial motion to suppress statements made by him to police officers and physical evidence seized from his house. The trial court granted this motion and on this interlocutory appeal, the district attorney asserts that the trial court’s ruling is erroneous for several reasons and should be reversed. The record before us reveals an abuse of discretion on *419 the part of the trial court when it refused a brief recess to permit the deputy district attorney time to produce certain items in court. We reverse and remand this cause for a new suppression hearing.
A grocery store in Crested Butte was robbed at approximately 5:00 a.m. Police officers were called and promptly appeared at the scene. They followed two sets of footprints in newly fallen snow to the house occupied by the defendant and others.
When the defendant and the other occupants of the house were initially questioned by the police, a tape recorder was utilized. Thereafter, it was discovered that it was not recording. The defendant and other occupants of the house were therefore again interviewed in the presence of a tape recorder which was operating properly. At both of these interrogations, the defendant made statements relating to the robbery.
The house occupied by the defendant and others was also searched and items of physical evidence were seized. In connection with this search and seizure, the defendant signed a consent to search form.
The day before the suppression hearing, the defense attorney had orally requested the deputy district attorney to produce at the suppression hearing the above described tapes and the signed consent form. At the suppression hearing the following day, the defense attorney made it known to the trial court that the deputy district attorney had not produced these items in court. The record reveals that the deputy district attorney explained to the judge that these items had not been produced because he failed to remember the oral request by the defense attorney the previous day. He went on to explain that he had previously opened his entire file to the defense attorney and his failure to bring these items to the suppression hearing was not a matter of bad faith or an effort to conceal any evidence.
The crucial issues at the suppression hearing were the sufficiency of the Miranda warnings to the defendant before he gave any statement to the police and whether the defendant had voluntarily given his consent to the police to search his house. As the district attorney was questioning his police witnesses, objections were interposed by defense counsel when the witnesses were asked either about the warnings given to the defendant or about the consent to the search matter. The objections were grounded on the best evidence rule. The trial court sustained these objections indicating that, since the deputy district attorney had been requested to produce the tape and the signed consent form and had failed to do so, he would bar any testimony regarding the warnings to the defendant and whether the defendant had given consent to search his house.
The transcript of the suppression hearing reveals that the deputy district attorney then told the court that the tape and the signed consent form were located at the police department in Crested Butte, and that, if he could have a very brief recess of less than an hour, he would have a police officer from Crested Butte drive to Gunnison (the location of the court) with these items. This request was made at approximately 11:30 a.m. at which time the deputy district attorney also suggested to the court that the *420 tape and the signed consent form could be delivered immediately after the “noon break.” To this, the judge replied, “We will' be through with this motion before we eat lunch.”
The trial court made rulings that any evidence presented as to the warnings given to this defendant or as to defendant’s consent would be disregarded. With respect to the consent issue, the court specifically stated “Any testimony he’s given as to consent, when he doesn’t produce the consent form, will be disregarded. He will not be allowed to testify to it.” As a consequence of the court’s rulings, the deputy district attorney made no effort to present further evidence and both sides rested.
Thereupon, the court made a finding that there was no evidence that the defendant understood his Miranda rights or that he knowingly waived these rights. The court also found that there was no evidence of any kind that the defendant consented to the search of his house and that the written consent which was supposedly signed by the defendant was not presented in court. The trial court then found that there was no evidence that the defendant, if he did sign the consent form, knew what he was signing. The trial court granted the defendant’s motion to suppress evidence of the defendant’s oral statements and all physical evidence obtained as a result of the search of the defendant’s house.
When the trial judge indicated to the deputy district attorney that he was going to bar certain critical testimony because of the district attorney’s failure to produce the tape and signed consent form, he should have, under the facts of this case, permitted the prosecuting attorney a limited reasonable time to produce these items. The record clearly indicates that this deputy district attorney did not act in bad faith, and did not by failing to produce these items in court intend to conceal any evidence from the defendant. Under the facts here, the trial court committed a serious abuse of discretion in refusing to grant the deputy district attorney’s request for a brief recess so that he could produce these items in court.
The trial judge here by his statements in this record and by his general conduct of this hearing was highly injudicious and thereby created, rather than prevented, an unfair hearing so far as the interests of the People are concerned.
In the light of this disposition, it is unnecessary to reach the issue concerning the best evidence rule which was presented on this appeal.
The ruling of the trial court is reversed and this matter is remanded for a new suppression hearing.
MR. CHIEF JUSTICE PRINGLE does not participate.