No. 48,635

STATE OF KANSAS, *Appellee*, v. JESSE HUTCHINSON, *Appellant*.

(564 P.2d 545)

Opinion filed May 14, 1977.

*Robert C. Claus*, of Independence, argued the cause, and *Bruce E. Borders*, of Borders and Borders, of Independence, was on the brief for the appellant.

*Paul D. Oakleaf*, county attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Richard A. Medley*, assistant county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a jury verdict which found Jesse Hutchinson (defendant-appellant) guilty of two counts of unlawful sale of marihuana (K.S.A. 65-4105 [*d*] [10] and K.S.A. 1976 Supp. 65-4127b [*b*] [3]) and two counts of unlawful sale of LSD (K.S.A. 65-4105 [*d*] [9] and K.S.A. 1976 Supp. 65-4127b [*b*] [3]).

Two issues are raised on appeal. The appellant challenges his identification at an alleged lineup at which he was not afforded counsel and the trial court's refusal to allow him to inquire as to the residence of undercover narcotics agents.

During the summer of 1975, three undercover narcotics agents of the Kansas Bureau of Investigation, Richard Cheatum, Michael Lyman and John Washington, came to Independence, Kansas, and purchased various illegal drugs.

On September 18, 1975, a drug raid was conducted. The de-

fendant and some fifteen other persons were arrested and jailed. Undercover narcotics agents Michael Lyman and John Washington went to the jail to identify the parties involved in the narcotics cases so there would not be a mistake as to the persons arrested.

On December 16, 1975, an information was filed. On January 20, 1976, the defendant moved to suppress evidence and for dismissal which was heard on February 13, 1976. On March 9, 1976, the jury found the appellant guilty of the four counts charged. Appeal was duly perfected.

A conviction in a companion case involving a person identified as the defendant's brother was affirmed by this court. (*State v. Holt*, 221 Kan. 696, 561 P. 2d 435.)

On appeal it is alleged the jailer called Jesse Hutchinson, the only black male in the cell, forward to the bars where he was identified by agents Lyman and Washington without an opportunity to have a lawyer present. The agents then identified the defendant at the preliminary hearing and trial. The appellant now contends the trial court erred in refusing to suppress evidence following his identification at a lineup in which he was not afforded counsel and other constitutionally protected privileges.

Agent Washington's trial testimony disputed the appellant's testimony. At the trial Mr. Washington identified the defendant and testified at the time he went to the jail he knew the defendant well, having seen him five times. He testified he had no problem with his identification and could have identified Mr. Hutchinson without having gone to the jail on September 18, 1975. Mr. Washington said 95% of the people in the defendant's cell were black. Mr. Washington further testified when the jailer called the defendant's name to have him come forward:

". . . [B]efore Mr. Hutchinson could come forward, I said, Mr. Hutchinson is on the bed over there, just stay where you are."

Agent Michael Lyman gave similar testimony.

After reviewing the record we find no error in the identification process. The identification in this case by undercover narcotics agents cannot be considered a lineup. The identification occurred before adversary judicial criminal proceedings were initiated. The constitutional right to counsel does not attach until judicial criminal proceedings are initiated, and the exclusionary rule relating to out-of-court identifications in the absence of counsel does not apply to identification testimony based upon a police

station showup which takes place before the accused has been indicted or otherwise formally charged with any criminal offense. (*Kirby v. Illinois*, 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877; *State v. McCollum*, 211 Kan. 631, Syl. 3, 507 P. 2d 196; *State v. Jackson*, 212 Kan. 473, 510 P. 2d 1219; *State v. Osbey*, 213 Kan. 564, 568, 517 P. 2d 141; and *State v. Wheeler*, 215 Kan. 94, 97, 523 P. 2d 722.) (See Comment, 12 Washburn L.J. 115 [1972].)

There is no evidence the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification in view of the agents repeated contacts with the appellant. (*Neil v. Biggers*, 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375; and *State v. Mitchell*, 220 Kan. 700, 705, 556 P. 2d 874.)

Even if it be assumed the identification procedure was prejudicially tainted, the in-court identification by agents Washington and Lyman provides an independent identification of the appellant. (*State v. Mitchell*, supra at 706; *State v. Bey*, 217 Kan. 251, 259, 535 P. 2d 881; and *State v. Estes*, 216 Kan. 382, 386, 532 P. 2d 1283.)

The appellant next contends the trial court abused its discretion in denying him reasonable latitude in cross-examination of the witnesses against him by refusing to allow him to inquire as to the residences of the witnesses.

During the cross-examination of the KBI undercover agents, the appellant's counsel attempted to obtain the addresses of agents Cheatum and Lyman. Mr. Cheatum responded in answer to a question he lived in Topeka, Kansas. The trial court sustained objections to further questions on the ground they lacked relevancy. Mr. Lyman indicated he could be subpoenaed at 3420 Van Buren, Topeka, Kansas. (KBI headquarters.) An objection to the question as to where Mr. Lyman lived was also sustained. There is no showing that any other testimony was excluded, and the appellant does not explain why he thought this evidence was relevant.

It is a general rule of law that the proper scope of cross-examination is within the sound discretion of the trial court. (*State v. Laughlin*, 216 Kan. 54, 56, 530 P. 2d 1220; *State v. Guffey*, 205 Kan. 9, 17, 468 P. 2d 254; and authorities cited therein.) It is also a general rule of law that one has the right to require a witness to give his name and address to aid the defendant in his right of

confrontation. (81 Am. Jur. 2d, Witnesses, Sec. 485, pp. 492-493; *Smith v. Illinois*, 390 U.S. 129, 19 L. Ed. 2d 956, 88 S. Ct. 748; and *Alford v. United States*, 282 U.S. 687, 75 L. Ed. 624, 51 S. Ct. 218.) Such a right, however, is not absolute. (*Smith v. Illinois*, supra at 133-134 [Justice White, concurring]; *State v. Hill*, 211 Kan. 287, 299, 507 P. 2d 342; and *United States v. Penick*, 496 F. 2d 1105, 1108-1109 [7th Cir. 1974], cert. denied, 419 U.S. 897, 42 L. Ed. 2d 141, 95 S. Ct. 177.)

It is well known that undercover work, particularly in the narcotics area, is a dangerous business. (*United States v. Alston*, 460 F. 2d 48 [5th Cir. 1972], cert. denied, 409 U.S. 871, 34 L. Ed. 2d 122, 93 S. Ct. 200; and *People v. Pleasant*, 69 Mich. App. 322, 244 N.W. 2d 464 [1976].) Under the facts and circumstances of this case, the trial court held the questions of residency irrelevant. Under the facts and circumstances of this case we hold the trial court was within its discretionary powers when it sustained objections to the questions of the undercover narcotics agents regarding their residences. (*State v. Hill*, supra at 299; *United States v. Alston*, supra; *United States v. Penick*, supra; *United States v. McKinley*, 493 F. 2d 547 [5th Cir. 1974]; and *Salas v. State*, 481 S.W. 2d 825 [Tex. Crim. App. 1972].) (See Annot., 37 A.L.R. 2d 737 [1954].)

The judgment of the lower court is affirmed.