(609 P.2d 194)

No. 51,315

STATE OF KANSAS, *Appellant,* v. ALLAN BURGOON, a/k/a KENNETH ALLAN BURGOON, *Appellee.*

Petition for review denied June 20, 1980.

Opinion filed March 21, 1980.

*James W. Clark,* county attorney, and *Robert T. Stephan,* attorney general, for appellant.

*Thomas E. Gleason, Jr.,* of Thomas E. Gleason, Chartered, of Ottawa, for appellee.

*Max G. Moses,* of Topeka, for *amicus curiae* Kansas County and District Attorneys Association.

Before FOTH, P.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is an interlocutory appeal taken by the State pursuant to K.S.A. 1979 Supp. 22-3603 from an order suppressing the testimony of the State's only witness to two alleged sales of marijuana.

Defendant is charged with two counts of selling marijuana to an undercover agent. The undercover agent revealed his name at the preliminary examination, but the presiding judge sustained the State's objection to revealing the agent's address.

Defendant thereafter filed a motion to suppress the agent's testimony by reason of the State's refusal to reveal his address. A hearing was held and the trial court conditionally ordered the agent's testimony suppressed *unless* the State filed a statement by July 26, 1979, sufficiently describing the agent's neighborhood to allow the defense to run a background check so it would be prepared to test the witness's reputation for truth and veracity in the community. The State did not comply with the court's order and the testimony was suppressed. The State appeals, raising two issues.

1. The State first contends that the defendant does not have a right to pretrial discovery of the address of a witness for the State. It suggests the proper procedure is to wait until trial, then request a recess if the address is obtained and an investigation is necessary. Although defendant's pretrial motion is entitled "Motion to Suppress Testimony," we believe the motion is more properly characterized as a motion for disclosure of identity of a witness, suggesting suppression of testimony as a possible sanction for nondisclosure.

Whether discovery should be allowed in a particular case is generally a question for the trial judge, to be exercised within the bounds of sound judicial discretion. *State v. Lamb,* 209 Kan. 453, 470, 497 P.2d 275 (1972); *State v. Martin,* 206 Kan. 388, 390, 480 P.2d 50 (1971). Although discovery provisions under the criminal code are to be liberally construed (*State v. Humphrey,* 217 Kan. 352, Syl. ¶ 1, 537 P.2d 155 [1975]), a defendant is not entitled as a matter of right to discovery of evidence within the prosecution's control unless a statute provides otherwise. *State v. Oswald,* 197 Kan. 251, 262, 417 P.2d 261 (1966); see, generally, Annot., 7 A.L.R.3d 8, 22-24.

The State concedes there may be instances when disclosure is mandated, but it argues that no such rights accrue until trial. This

contention clearly is erroneous. There is a constitutional right to discover evidence that is favorable to the accused and is material to his guilt or innocence. *Brady v. Maryland,* 373 U.S. 83, 87, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963); *State v. Koennecke,* 274 Or. 169, 179, 545 P.2d 127 (1976). The State is required to endorse upon the complaint, information and indictments the names of all witnesses known to the prosecuting attorney (K.S.A. 1979 Supp. 22-3201). That requirement serves no purpose if the State is permitted to refuse to disclose the location of the witnesses.

We are appreciative of the excellent *amicus curiae* brief filed by the Kansas County and District Attorneys Association; we acknowledge that the appellate courts of this State are also concerned with the protection of witnesses in criminal cases and, to the extent that an accused's right to a fair trial is protected and the accused's other constitutional rights are not violated, we will endeavor to provide that protection.

Here, however, the accused is faced with a one-on-one situation. The State has only one witness who claims to have witnessed the sale. The accused is alleged to have been the only other person present when the sale took place. The credibility of the State's witness is crucial to the accused's defense. Information that is discovered by an investigation of the State's only witness to the alleged crime may lead to admissible evidence that would create a reasonable doubt in the minds of the jurors. The accused has a legitimate need for the information which the trial court ordered the State to furnish.

We see no valid reason to deny to the accused less information concerning the State's only witness who can testify about the crucial elements of the crime than he would be entitled to should he seek the same information concerning an informer. In *State v. Knox,* 4 Kan. App. 2d 87, 95-96, 603 P.2d 199 (1979), this Court held that whether disclosure of an informer's identity is essential to fundamental requirements of fairness is to be determined by applying a balancing test as announced in *Roviaro v. United States,* 353 U.S. 53, 1 L.Ed.2d 639, 77 S.Ct. 623 (1957):

" 'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' 353 U.S. at 62."

*Roviaro* held that the trial court erred in failing to order compliance with defense counsel's request for both the name *and address* of the informer involved therein. "Identity" of an informer has been held to include his name as well as all pertinent information which might assist the defense in locating him. *Eleazer v. Superior Court,* 1 Cal. 3d 847, 851, 83 Cal. Rptr. 586, 464 P.2d 42 (1970). The various considerations affecting disclosure of an informer's name are closely associated to those regarding disclosure of his address, and we hold that the balancing test is applicable to a determination of whether an informer's address should be divulged.

Each case must be judged on its own particular facts, and it must necessarily be within the sound discretion of the trial judge whether a witness's address or neighborhood will be disclosed. In the absence of a clear showing of an abuse of that discretion, the trial judge's determination will not be disturbed on appellate review. When, as here, the witness is a key witness against the accused, the court must at the very least permit a sufficient disclosure of the witness's background so as to allow adequate investigation to insure the accused's Sixth Amendment right of confrontation and cross-examination. *Smith v. Illinois,* 390 U.S. 129, 19 L.Ed.2d 956, 88 S.Ct. 748 (1968); *Alford v. United States,* 282 U.S. 687, 692, 75 L.Ed.624, 51 S.Ct. 218 (1931); *United States v. Smaldone,* 484 F.2d 311, 318 (10th Cir. 1973), *cert. denied* 415 U.S. 915 (1974); *United States v. Alston,* 460 F.2d 48, 51 (5th Cir.), *cert. denied* 409 U.S. 871 (1972).

Our own Supreme Court has previously held that it is discretionary with the trial judge whether to require undercover narcotic agents to reveal their residences on cross-examination during a trial. *State v. Hutchinson,* 222 Kan. 365, 367-68, 564 P.2d 545 (1977). The Supreme Court recognized that generally an accused has a right to require a witness to give his address in order to aid the accused in his right of confrontation. ABA Standards for Criminal Justice, Discovery and Procedure Before Trial § 2.1(a)(i) (Approved Draft 1970), requires that the prosecuting attorney disclose to defense counsel the names and addresses of witnesses subject to protective orders (section 4.4). The Supreme Court also recognized that there are exceptions to that general rule (*Hutchinson* at 368). The defendant in *Hutchinson*

failed to make a showing as to why he wanted the addresses and the Supreme Court held the trial judge did not abuse his discretion in sustaining an objection to the question. No guidelines were offered by the Supreme Court and we are of the opinion that, as it is in most discretionary matters, each case must be decided on its own set of facts. Considerable guidance is given to the bench and bar in the cases cited by the Supreme Court (*Hutchinson* at 368) and in this opinion.

We must conclude the trial court's order requiring disclosure of the agent's neighborhood was not an abuse of discretion in this case. Defendant's request for disclosure was timely made (see *State v. Lightle,* 210 Kan. 415, 416, 502 P.2d 834 [1972], *cert. denied* 410 U.S. 941 [1973]), and the defense clearly demonstrated the relevancy and materiality of the requested information. See *State v. Campbell,* 217 Kan. 756, 782, 539 P.2d 329, *cert. denied* 423 U.S. 1017 (1975). At the hearing, it was *unrefuted* that the agent was the primary witness against defendant and that he actually participated in the criminal activity by allegedly purchasing the controlled substance from defendant. See *State v. Knox,* 4 Kan. App. 2d 87, Syl. ¶ 10. Defense counsel emphasized the reliance placed on the informer's testimony by the prosecution and argued that defendant's right to effectively test the informer's credibility would be hampered if his address were not produced. We concur with this analysis. The United States Supreme Court has recognized that a "witness' name and address open countless avenues of in-court examination and out-of-court investigation." *Smith v. Illinois,* 390 U.S. at 131. Contrariwise, the State produced no evidence in this case that disclosure would impede its prosecution of defendant or others or that it might cause harmful results to the agent. Under these circumstances, we hold the trial court did not abuse its discretion in ordering disclosure of the informer's neighborhood.

2. The State additionally argues that, notwithstanding the propriety of the disclosure order, the trial court's sanction for nondisclosure (suppression of the witness's testimony) was improper.

A trial court is vested with wide discretion in dealing with the failure of a party to comply with a discovery order (*State v. Jones,* 209 Kan. 526, Syl. ¶ 1, 498 P.2d 65 [1972]), and rulings thereon will not be overturned unless an abuse of discretion is demonstrated. *State v. Rogers,* 217 Kan. 462, 466, 537 P.2d 222 (1975).

Suppression of testimony is a drastic remedy which should be exercised only under compelling circumstances (*Kruglak v. State,* 300 So. 2d 315, 316 [Fla. App. 1974]); testimony should not be excluded when the State's nondisclosure is inadvertent and no prejudice is shown by defendant. *People v. Reyes,* 12 Cal. 3d 486, 502, 116 Cal. Rptr. 217, 526 P.2d 225 (1974). Although we find no Kansas cases that approve the suppression of testimony as a sanction for nondisclosure, we believe the importance of the witness's testimony in this case and the resultant necessity for the defense to question the witness's credibility support the drastic action imposed by the trial court. Of equal importance is the fact that the State failed to offer any alternatives to the trial judge; it furnished no background information on the witness in lieu of his neighborhood, nor did it suggest any alternative to suppressing the evidence. Based on the record before us, we are unable to say that the trial court had any viable option other than to suppress the witness's testimony. The trial court's order did allow the State a reasonable time to produce the requested information (*cf. People v. Thomas,* 189 Colo. 418, 420, 541 P.2d 84 [1975]) and it limited disclosure to the informer's neighborhood. Considering all the circumstances as revealed by the record before us, we cannot say the trial court abused its discretion in ordering suppression of the witness's testimony.

Affirmed.