BOWEN, Judge.
The defendant was indicted and convicted for obtaining a controlled substance by the use of a forged prescription. Alabama Code 1975, Section 20-2-70. Sentence was three years’ imprisonment.
The only issue on appeal is whether Dilaudid was properly placed on the list of controlled substances.
The generic name for Dilaudid is hydro-morphone hydrocloride. Webster’s Third New International Dictionary 633 (1971) defines Dilaudid as “used for dihydromor-phinone.”. Dihydromorphinone is defined as “a crystalline keytone . . . derived from morphine that is about five times as active biologically as morphine.” Webster’s 632. In his reply brief, the defendant describes Dilaudid as “a brand name of the morphine derivative Hydromorphone Hydrochloride.” Appellant’s Reply Brief, p. 4. Alabama case law recognizes Dilaudid as a derivative of morphine which is a derivative of opium. Tadlock v. State, 45 Ala.App. 246, 861, 228 So.2d 859 (1969). See also State v. Lightle, 210 Kan. 415, 502 P.2d 834, 836 (1972), cert. denied, 410 U.S. 941, 93 S.Ct. 1406, 35 L.Ed.2d 607 (1973):
“Appellant also claims that the drug ‘Dilaudid’ does not come within the statutory designation of prohibited narcotics. On this point there was competent testimony that Dilaudid is Dihydromorphi-none and is a narcotic drug produced from opium. The modern dictionary definition of ‘Dilaudid’ is ‘The hydrochloride salt of dihydromorphinone.’ ‘Dihydro-morphinone’ is ‘a narcotic compound prepared from morphine and used chiefly as an analgesic.’ ‘Morphine’ is ‘the most important narcotic principle of opium.’ Of these we take judicial notice as corroborative of the testimony. Thus, it is evident that Dilaudid is a narcotic drug within the definition of K.S.A. 65-2501(18).”
Included in the schedule II listing of controlled substances are “opium and opiate and any salt, compound, derivative or preparation of opium or opiate.” Section 20-2— 25(l)(a).
One of the purposes of the Alabama Uniform Controlled Substances Act was “to standardize all laws in this state to be in conformity with the new Federal Comprehensive Drug Abuse Prevention and Control Act of 1970.” Alabama Acts 1971, No. 1407, p. 2378. Defense counsel recognized in the circuit court that “at the time of the passage of the Act, Hydromorphone was a federally controlled substance.”
Upon this authority we find that Dilaudid does come within the statutory designation of controlled substances within the meaning of Section 20-2-25(l)(a).
*852 The defendant’s motion to dismiss the indictment because Dilaudid had not been placed on the statutory list of controlled substances was properly denied. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.