The STATE of Utah, Plaintiff
and Respondent,

v.

Kenneth D. BRADLEY, Defendant
and Appellant.

No. 20308.

Supreme Court of Utah.

Sept. 23, 1985.

As Amended on Rehearing
March 15, 1988.

John C. Green, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM.

Defendant Kenneth Dee Bradley was convicted by a jury of aggravated assault, a third degree felony in violation of U.C.A. § 76–5–103 (1978 ed.), aggravated burglary, a first degree felony in violation of section 76–6–203, and tampering with a witness, a third degree felony in violation of section 76–8–508. He appeals from all three convictions claiming that the evidence adduced at trial failed as a matter of law to establish his guilt beyond a reasonable doubt, and that he cannot be convicted of both a lesser offense and a greater offense. We reverse in part and affirm in part.

During her separation from her husband Bill, Gina Rider dated Tom Bettwieser who had been investigated for theft of funds belonging to a partnership in which defendant and Tom Adams were partners and Bettwieser was an employee. Defendant was also a suspect in the theft. On the day of the theft, Bettwieser informed Gina that he had committed the theft. In the course of the investigation of the partnership, Gina was contacted by law enforcement officials, was subpoenaed as a witness, and was involved with Tom Adams' private investigation of the theft.

On December 24, 1982, Bettwieser arranged for Gina and her two children to move into a house managed by defendant at 11th East and 17th South in Salt Lake City. Bill and Gina Rider reconciled, and with defendant's approval, Bill moved into the house a day later with the understanding that in lieu of rent, the Riders would pay the utilities for the house and an attached locksmith shop. On the day Rider moved in, he and Gina had an argument in which defendant intervened. Rider threatened defendant and his stepson with a sawed-off shotgun, but later everybody apologized, and the Riders continued to occupy the home.

In the afternoon of January 27, 1983, defendant, "Spider" Wissink, and "Bett" Bettwieser, Tom Bettwieser's younger brother, drove to the Riders' home. The Riders, their two small children, and Gina's eighteen-year-old sister were at home. Rider was expecting defendant because he needed his signature on some social security papers. He opened the door for defendant, telling Gina that defendant was there. The three men entered, and Spider pulled Rider's shotgun from a rack on the wall, drew a pistol from his waist, and pointed it at Rider's head. He turned to defendant and asked, "What do you want me to do, boss? Do you want me to break some bones or blow them away?" Defendant answered that he thought the matter could be settled without violence. He then informed Gina that he was tired of her involvement with Tom Adams, that she had been talking too much and he wanted it stopped, and that he would "just as soon blow you away as look at you if it gets to it." The Riders' four-year-old girl became frightened and started screaming. Spider

told her that he did not want to hurt her daddy and that he was just doing his job. Defendant, at that point, ordered the Riders out of the house. Spider took Rider at gunpoint through the rooms to gather his belongings. When the Riders refused to use defendant's truck to move, he left and said he would be back at the end of the day. Rider called the police, who escorted the family out of the home.

At the end of the state's case in chief, defendant moved to dismiss the charges against him for the State's failure to meet its burden of proof. That motion was denied. In this appeal, defendant challenges the sufficiency of the evidence to support a verdict of guilty on all three charges. We view the evidence in a light most favorable to the jury verdict and do not disturb the jury verdict unless the evidence is so lacking and insubstantial that a reasonable man could not possibly have reached a verdict beyond a reasonable doubt. *State v. McCardell*, 652 P.2d 942 (Utah 1982). We apply that same standard to those facts that can be reasonably inferred from the evidence presented at trial. *State v. Griffin*, 685 P.2d 546 (Utah 1984).

## I.

In support of his claim that the evidence adduced at trial failed as a matter of law to establish his guilt beyond a reasonable doubt on the charge of aggravated assault, defendant contends that the statute interdicts the *use* of "a deadly weapon or such means or force likely to produce death or serious bodily harm." Defendant takes the position that it was Spider and not he who held the weapon and that the State entirely failed to prove assault against him. The trial court properly instructed the jury on aggravated assault and on assault as an attempt, with unlawful force or violence, to do bodily injury to another, or a threat of bodily injury to another accompanied by a show of immediate force or violence. U.C.A. §§ 76–5–102 and 103 (1978 ed.). It also instructed the jury that defendant could be held criminally liable for the conduct of another, as defined in section 76–2–202. *See also State v. Garcia*, 663 P.2d 60 (Utah 1983).

The evidence delineated above was sufficiently substantial for the jury to find defendant guilty of aggravated assault.

Defendant's challenge to the sufficiency of the evidence on the conviction of aggravated burglary is grounded *inter alia* in his claim that he did not enter the Rider premises unlawfully, and thus a crucial element of the crime of burglary was not established. Defendant overlooks the fact that a person is guilty of burglary "if he enters *or remains* unlawfully in a building ... with intent to commit ... an assault on any person." U.C.A. § 76–6–202 (1978) (emphasis added). In *State v. Brown*, 6 Kan.App.2d 556, 630 P.2d 731 (1981), the court, in defining a statute similar to Utah's, K.S.A. 21–3716, stated that "remaining within refers to the situation where defendant's initial entry is authorized, but at some later time that person's presence becomes unauthorized." *Id.* 630 P.2d at 735. Although it is true that Rider opened the door to defendant whom he expected to come to his house for a lawful purpose, his consent to defendant's entry was limited to that purpose and did not authorize defendant to order Rider out of the house at gunpoint. "[A] consent limited as to place, time, or purpose is not a defense where entry occurs outside the limitation stated or implied." *State v. Keys*, 244 Or. 606, 419 P.2d 943, 946 (1966) (citations omitted). *See also State v. Pierce*, 14 Utah 2d 177, 380 P.2d 725 (1963) (no consent where entry obtained through deception). The jury was well within its province in finding that defendant entered or remained unlawfully in the Rider home with the intent to commit an assault. Defendant's remaining point, that the jury was not instructed that defendant was an accomplice, is contradicted by the record as stated above.

Defendant next contends that the state failed to put on any *credible* evidence of a pending official proceeding or investigation to convict him of tampering with a witness. That argument is based on a faulty premise. The statute requires no more than that a defendant *believe* an offi-

cial proceeding or investigation to be underway. The jury was properly instructed on the elements set out in section 76–8–508. The Riders reported to the police officer on the day of the assault that defendant was angry because Gina had been talking to Tom Adams. It was for the jury to decide whether any credible inference could be drawn from that testimony that defendant wanted to stop Gina from involving herself with any official proceeding or investigation he believed was underway. The existence of contradictory evidence or conflicting inferences does not warrant disturbing the jury's verdict. *State v. Howell*, 649 P.2d 91 (Utah 1982).

## II.

Finally, defendant claims that he cannot be convicted of both aggravated assault and aggravated burglary, because under the facts of this case, the greater crime is that of aggravated assault which is the basis of the lesser crime of aggravated burglary. In support he cites *State v. Hill*, Utah, 674 P.2d 96, 97 (1983), where this Court stated that "where the two crimes are 'such that the greater cannot be committed without necessarily having committed the lesser,' *State v. Baker*, Utah, 671 P.2d 152, 155 (1983), then as a matter of law they stand in the relationship of greater and lesser offenses, and the defendant cannot be convicted or punished for both." *See also* U.C.A. § 76–1–402(3) (1978 ed.).

Aggravated assault is a felony of the third degree, whereas aggravated burglary is a felony of the first degree, and thus we need to determine whether defendant could have committed the aggravated burglary without necessarily having committed the aggravated assault.[1]

In *State v. Hill, supra,* we stated that a secondary test was required where the crimes standing in a greater-lesser relationship have multiple variations. We must therefore consider the evidence to determine whether that relationship existed between the specific variations of the crimes actually proved at the defendant's trial.

The elements of aggravated burglary proved at trial were that defendant (1) entered or remained unlawfully in the Riders' home (2) with the intent to commit an assault and that he (3) threatened immediate use of a deadly weapon. The elements of aggravated assault proved at trial were that defendant either (a) attempted with unlawful force or violence to do bodily injury to another; or (b) made a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or (c) carried out the attempt or threat by use of a deadly weapon. As can be seen, the elements of assault set out in (a) or (b) above are contained in (2) above (intent to commit assault), while the elements set out in (c), defining aggravated assault, are also contained in (3) above, defining aggravated burglary. Under the facts of this case, defendant should not have been convicted of aggravated assault as well as of aggravated burglary. § 76–1–402(3). As we stated in *State v. Hill, supra,* when a defendant has been improperly convicted of both the greater and the included offense, the conviction on the included offense is treated as mere surplusage and the conviction of the greater offense remains unaffected.

The conviction of aggravated assault is reversed and the sentence thereon vacated. In all other respects, the judgment on the verdict is affirmed.

## ON PETITION FOR REHEARING

We granted rehearing to consider the State's argument that the aggravated burglary statute, Utah Code Ann. § 76–6–203 (1978), on its face does not require proof of the *acts* which make up the target offense of aggravated assault. All that is required by that statute, according to the State, is proof that a defendant *intended* to commit the target offense. Consequently, continues its argument, aggravated assault requires proof of more than all the facts required for proof of aggravated burglary, and defendant could have committed aggravated burglary without necessarily having committed aggravated assault. We

---

1. Defendant inadvertently reverses the order of the offenses.

have reviewed our decision on the reversal of defendant's conviction of aggravated assault because it stood in the relationship of a lesser and included offense of aggravated burglary, of which he was also convicted. We have decided, under the narrow factual circumstances of this case, that the reversal should stand, for the following reasons:

■ As a theoretical proposition, a defendant could commit an aggravated burglary without committing an aggravated assault. Aggravated burglary may require no more than that the burglar be "armed with a deadly weapon." Utah Code Ann. § 76–6–203(c). Being armed with a deadly weapon in and of itself would not amount to an assault. However, aggravated burglary may also be accomplished when the burglar "uses or threatens the immediate use of a dangerous or deadly weapon against any person who is not a participant in the crime." Utah Code Ann. § 76–6–203(b). When that element is relied upon by the prosecution to prove aggravated burglary, aggravated assault is simultaneously proven. Utah Code Ann. § 76–5–103(1)(b).

■ In the instant case, instructions given to the jury on aggravated burglary adopted the latter alternative, namely, that defendant "use[d] or threaten[ed] the immediate use of a dangerous or deadly weapon against any person." (This alternative was also employed in the charging information against defendant.) Instruction No. 16 directed the jury to find all of the following elements before it could convict defendant of aggravated burglary: (1) that defendant entered or remained in the building of Bill and Gina Rider; (2) that he did so unlawfully; (3) that he did so intentionally, knowingly, or recklessly; (4) that he did so with the intent to commit a felony, a theft, or an assault on Bill Rider or Gina Rider; and (5) that in attempting, committing, or fleeing from said burglary, defendant or another participant in the crime used or threatened the immediate use of a dangerous or deadly weapon against the Riders. When that instruction is compared to instruction No. 13, which defined the elements of aggravated as-

sault, it is apparent that the jury did not have to find any additional elements for conviction of that crime beyond the elements of the crime of aggravated burglary. Instruction No. 13 on aggravated assault required the jury to find each and every one of the following elements: (1) that defendant assaulted Bill and Gina Rider; (2) that defendant then and there used a deadly weapon or such means or force likely to produce death or serious bodily injury; and (3) that defendant did so intentionally or knowingly or recklessly.

In this case, the State's evidence was that defendant with two companions entered Rider's home at Rider's invitation. One of the companions ("Spider") pulled Rider's shotgun from a rack on the wall, drew a pistol from his waist, and pointed it at Rider's head.

Since the jury was not required to find any additional elements to convict defendant of aggravated assault once it had found him guilty of aggravated burglary, we correctly affirmed the conviction of aggravated burglary, a first degree felony, and vacated the conviction of aggravated assault, a third degree felony, as being surplusage. As we observed in our earlier opinion in this case, "where the two crimes are such that the greater cannot be committed without necessarily having committed the lesser, then as a matter of law they stand in the relationship of greater and lesser offenses, and the defendant cannot be convicted or punished for both." *State v. Hill,* 674 P.2d 96 (Utah 1983); *State v. Baker,* 671 P.2d 152 (Utah 1983).

This result leaves defendant convicted of one first degree felony. As explained above, an information charging defendant with being armed with a deadly weapon under the count of aggravated burglary would have also subjected him to a conviction of aggravated assault, a third degree felony. Likewise, the State could have charged defendant with simple burglary, a second degree felony, which requires only an *intent* to commit an assault or felony, and with aggravated assault, a third degree felony, which requires an actual assault with a weapon. Under either of

those scenarios, defendant would have been properly convicted of both offenses. Under the actual charges in this case, aggravated assault constituted a lesser and included offense of aggravated burglary. Our decision thus stands.