OPINION OF THE COURT
Franklin R. Weissberg, J.
The defendant has been indicted and accused of burglary, rape and sodomy in connection with a sexual assault which allegedly occurred on February 1, 1994. The People have *899 served notice that he is also a suspect in several similar attacks. As part of their investigation, the People sought blood samples from the defendant for possible DNA testing, and on April 12, 1994 Justice Herbert Adlerberg signed an order granting their request. A challenge to the order by way of a CPLR article 78 proceeding was denied by the Appellate Division, First Department, on May 26, 1994. DNA testing is scheduled to be conducted by the Federal Bureau of Investigation (FBI) DNA Unit.
The defendant now moves for an order permitting a representative to be present at the facility where the DNA testing is to occur. He argues that his expert will best be able to determine the fairness and accuracy of FBI testing procedures if the expert is present to observe the methodology employed and the manner in which testing is carried out. In addition, the defendant states that there is a possibility that FBI testing will leave insufficient genetic material for a second test by the defense. The People oppose the defendant’s application on both legal and practical grounds.
The defendant has provided no legal precedent in support of his application. In fact, the law is otherwise. "[N]o principle * * * in the absence of fraud or bad faith, imposes any duty on the part of the prosecution to invite an accused to participate in its investigatory and trial preparation procedures. Due process of law does not reach this far.” (State v Lightle, 210 Kan 415, 416, 502 P2d 834, 836 [1972], cert denied 410 US 941; see also, People v Wise, Sup Ct, NY County, Galligan, J., indictment No. 4762/89.)
The defendant contends that this situation is unique, since there is a real possibility that genetic material consumed in testing will provide the basis for multiple accusations. However, the loss or destruction of evidence in necessary testing by the prosecution does not violate a defendant’s due process rights when authorities are acting in good faith and in accordance with their normal practice, the destroyed evidence is not likely to have been exculpatory, and the defendant has alternative means of demonstrating his innocence. (People v Alvarez, 70 NY2d 375 [1987]; California v Trombetta, 467 US 479 [1984].)
On a practical level, the People point out that the Federal Bureau of Investigation has already indicated that it would refuse to allow unauthorized personnel into its laboratory. The laboratory operates under a strict security system which *900 precludes the presence of outsiders without clearance, and any breach of that security would compromise the laboratory’s effectiveness with respect to hundreds of cases. The entire testing process will take three to four months, so that the presence of the defendant’s representative would involve logistical as well as security problems.
The Chief of the FBI DNA Unit has given his assurance that any uncut DNA which is extracted but is not used for the DNA analysis will be set aside and preserved for future testing by defense experts. The membranes to which the DNA is transferred for analysis will be returned to the New York City Police Department crime laboratory after testing is completed, and those membranes may be reprobed by defense experts. DNA prints obtained from the samples tested will be recorded in the form of auto-rad films which can be made available to the defense. Finally, the defendant has a right to all relevant reports and data obtained from the testing.
These safeguards will protect the defendant whether the test results are relevant to one or to multiple allegations. Nothing in the possible multiplicity of allegations makes the defendant’s request that his representative be present any stronger.
The defendant’s motion is denied in all respects.