John C. PUTVIN, Petitioner,

v.

UTAH STATE TAX COMMISSION,
Respondent.

No. 920329–CA.

Court of Appeals of Utah.

Sept. 1, 1992.

David M. Bown, Salt Lake City, for petitioner.

R. Paul Van Dam and John C. McCarrey, Salt Lake City, for respondent.

Before BILLINGS, JACKSON and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

John C. Putvin (Putvin) seeks review of a Utah State Tax Commission (Commission) decision finding him liable for sales tax on two vehicles he purchased in Utah. We affirm.

## FACTS

Putvin was a legal resident of the state of Utah in 1988 and 1989, living in an apartment at 218 South 400 East, Salt Lake City, until late October or early December 1989. At that time, he claims he decided to move to Oregon to pursue business opportunities. In October 1989, he registered a motorcycle in his name with the Utah Division of Motor Vehicles, listing a West Valley address as his residence. He left the motorcycle with friends in Utah because he claimed it broke down, and he was unable to drive it to Oregon.

Putvin obtained an Oregon driver's license on January 4, 1990. On January 10, 1990, Putvin filed a 1988 Utah income tax form, listing a post office box in Salt Lake City, Utah as his present home address.

Putvin registered his business with the state of Oregon and, on February 15, 1990, incorporated his business as "Last Resort Enterprises" in Oregon.

On February 27, while in Utah, Putvin purchased two Mazda automobiles. He

signed a notarized exemption form, claiming he was exempt from Utah sales tax because he was a nonresident. This form stated that he did not qualify as a resident under any of the provisions of Utah State Tax Commission Rule R873–01V which was printed on the reverse side of the affidavit.

On April 14, 1990, Putvin filed a Utah tax return for the calendar year of 1989, listing a Salt Lake City, Utah address as his present home address. The TC–40S short form, which he filed, contains a stipulation that the filer was a resident of Utah for the full year, 1989.

After Putvin claims he left Utah, he maintained a phone answering service and a post office box in Utah.

On June 1, 1990, Putvin returned to Utah to face criminal charges arising from prior business transactions. Putvin signed an addendum to take over his son's lease in a West Jordan apartment. He paid rent on the apartment and put the Utah Power & Light bill in his name. On June 13, 1990, Putvin obtained a Utah driver's license.

The auditor's division of the Commission assessed Putvin for the unpaid sales tax and penalties on his February purchase of the two Mazdas. Putvin contested, and a formal hearing was held. The Commission ultimately ruled that Putvin "was a resident of Utah for sales tax purposes at the time of the purchase of the vehicles." However, the Commission reduced the penalty from fifteen percent to a ten percent negligence penalty, finding that Putvin could have had a reasonable belief he was not a Utah resident under the circumstances of the case. *See* Utah Code Ann. § 59–1–401(3)(a) (1992).

Putvin challenges the decision of the Commission, claiming he had moved to and established Oregon as his principle place of residence prior to purchasing the cars and should have qualified for the sales tax exemption.

## STANDARD OF REVIEW

Under the Utah Administrative Procedures Act, we review "an agency decision which interprets statutory law using the correction of error standard found in section 63–46b–16(4)(d), unless the legislature has granted the agency discretion in interpreting and administering the statute." *Nucor Corp. v. Utah State Tax Comm'n*, 832 P.2d 1294, 1296 (Utah 1992); accord *Morton Int'l, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 814 P.2d 581, 588 (Utah 1991). A grant of agency discretion may be either express or implied. *See Morton*, 814 P.2d at 588. If discretion exists, we review the agency's determination for reasonableness. *See Johnson–Bowles Co. v. Division of Sec.*, 829 P.2d 101, 107 (Utah App.1992); *Tasters, Ltd. v. Department of Employment Sec.*, 819 P.2d 361, 365 (Utah App.1991).

This case turns on whether Putvin meets the statutory definition of nonresident. Section 59–12–104(9) provides an exemption from the motor vehicle sales tax for "sales of vehicles ... to bona fide nonresidents of this state [which] are not afterwards registered or used in this state except as necessary to transport them to the borders of this state." Utah Code Ann. § 59–12–104(9) (1992).

The legislature has granted the Commission discretion in administration of the tax code generally. Section 59–12–118 provides: "The administration of this chapter is vested in and shall be exercised by the commission which may prescribe forms and rules to conform with this chapter for the making of returns and for the ascertainment, assessment, and collection of the taxes imposed under this chapter." Utah Code Ann. § 59–12–118 (1992). Furthermore, this court may recognize an implied grant of discretion to interpret the statutory term "nonresident" if, as here, there is an absence of discernible legislative history and the determination of residency status is the "type of determination" the Commission routinely performs. *Morton*, 814 P.2d at 592. Finally, the supreme court noted in *Morton* that where courts previously granted an agency deference on the basis of its expertise, it is also appropriate to grant the agency deference on the basis of a grant of discretion. *See id.* at 588.

The Utah Supreme Court recently distinguished between explicit, implicit and no

grant of agency discretion. *See id.* at 589. In *Morton*, a taxpayer claimed an exemption from sales tax under Utah Code Ann. §§ 59–12–104(15) and (16) (Supp.1987) for materials used in the construction of sodium azide pellet production facilities. *See id.* at 582–83. Morton's claims for exemption relied upon the court's interpretation of whether the product it manufactured qualified as a "synthetic fuel" and whether the shell of the facility qualified as "equipment." *See id.* at 590–92.

The first disputed statutory provision granted an exemption for "sales or leases of materials, machinery, equipment, and services ... used in the new construction, expansion, or modernization ... of any mine, mill, reduction works, smelter, refinery ... *synthetic fuel processing and upgrading plant*, rolling mill, coal washing plant, or melting facility." *Id.* at 589 (quoting section 59–12–104(15) (emphasis added)).[1] The court found the Commission had not been granted discretion to determine the meaning of "synthetic fuel" and, thus, reviewed for correctness the Commission's determination of whether a synthetic fuel was involved. *See id.* at 589–90.

In contrast, on a second issue, the *Morton* court found that the Commission had been granted implicit discretion to interpret the term "equipment" and, thus, reviewed for reasonableness the Commission's determination as to whether "equipment"[2] was involved. *See id.* at 592. The *Morton* court found neither the other terms in the statute nor the legislative history helpful as to the meaning of "equipment." *See id.* at 592. The court also noted that, while the legislature had not specified what structures qualified as equipment, the Commission routinely made such determinations. *See id.* The court relied on the Commission's rule, which included a defini-

tion of the term "equipment" that expressly excluded real property and improvements to real property. *See id.* at 592–93; *see also Nucor*, 832 P.2d at 1297 (court recognized implicit discretion granted to Commission in determining meaning of "purchased for resale" in sales tax exemption statute, where traditional rules of statutory construction not helpful).

Neither the legislative history nor the specific statutory context of the nonresident exemptions are helpful in determining the intended definition of the term "nonresident." The Commission routinely makes, and in fact is authorized by statute to adopt, rules defining who qualifies as a nonresident for sales tax exemption purposes. The Commission has clearly defined the term "bona fide nonresident" in detailed rules. Thus, we find the Commission has been given discretion to determine whether a purchaser qualifies as a nonresident for purposes of the sales tax exemption. We, therefore, review its decision for reasonableness.

## NONRESIDENT SALES TAX EXEMPTION

█ The Commission determined that "Putvin was a resident of Utah for sales tax purposes at the time of the purchase of the vehicles in question." Putvin challenges this determination. The controlling statutes provide:

(1) There is levied a tax on the purchaser for the amount paid or charged for the following:

(a) retail sales of tangible personal property made within the state.

Utah Code Ann. § 59–12–103(1)(a) (1992).

The following sales and uses are exempt from the taxes imposed by this chapter:

.     .     .     .     .

1. This subsection was deleted by amendment, effective February 11, 1991.

2. Subsection 16 has now become subsection 15, after the February 1991 amendment. This subsection was subsequently amended to direct the Commission to make recommendations regarding continuation of the exemption. *See* Utah Code Ann. § 59–12–104(15) (Supp.1991).

The statutory language provides an exemption for "sales or leases of machinery and *equipment* purchased or leased by a manufacturer for use in new or expanding operations (excluding normal operating replacements, which includes replacement machinery and equipment even though they may increase plant production or capacity, as determined by the commission) in any manufacturing facility in Utah." Utah Code Ann. § 59–12–104(15) (1992) (emphasis added).

(9) sales of vehicles of a type required to be registered under the motor vehicle laws of this state which are made to *bona fide nonresidents of this state* and are not afterwards registered or used in this state except as necessary to transport them to the borders of this state.

Utah Code Ann. § 59–12–104(9) (1992) (emphasis added).

Utah Tax Commission Rule 873–22–1M defines who qualifies as a resident for the purpose of the sales tax exemption.

B. ... [T]he term "resident" means, but is not limited to, the following:

1. every person who is a *legal resident* of this state; (the fact that a person leaves the state temporarily will not be sufficient to terminate residency.)

2. any person engaging in intrastate business and operating a vehicle, boat, boat trailer or outboard motor, as part of the business within this state, or any person *maintaining a vehicle*, boat, boat trailer or outboard motor, *with this state designated as the home state;*

3. any person, except a tourist temporarily within this state ... who owns, leases, or rents a residence or a place of business within this state, or occupies or permits to be occupied a Utah residence or place of business;

·   ·   ·   ·   ·

5. any person *allowing a vehicle ... to be kept* or used *by a resident of this state;*

·   ·   ·   ·   ·

C. Any person qualifying as a resident under the above definitions, does not qualify as a nonresident for purposes of the exemption from sales tax under Utah Code Ann. Section 59–12–104.

Utah Code Admin.P. R873–22–1M (1992) (emphasis added).

**3.** "The word resident has different shades of meaning, depending upon its context.... Although the term is frequently found in statutes, contracts and other legal documents, it has no precise, technical, and fixed definition applicable in all contexts and to all cases." *Govern-*

Putvin does not challenge the propriety of this Commission rule defining resident for purposes of the sales tax exemption on automobiles. He merely claims the Commission's determination that he was a resident was in error.

We do not find Rule 873–22–1M to be an unreasonable interpretation of the statutory term "bona fide nonresident" in view of the statutory language and the purpose of the sales tax. Although the Commission regulation includes an expanded definition of the term "resident" for sales tax purposes beyond the general common law definition of "resident"[3], this is consistent with the "well-established principle that tax exemption statutes are to be strictly construed against the party claiming the exemption." *Morton*, 814 P.2d at 591. The terms "resident" and "nonresident" have been defined differently depending on the specific regulatory scheme involved, and such differing regulatory definitions have been approved by the courts. *See, e.g., Frame v. Residency Appeals Comm. of Utah State Univ.*, 675 P.2d 1157, 1164 (Utah 1983) (court upheld regulatory definition of resident which was much narrower than common law definition as it was tailored to meet statutory purpose of extending reduced tuition to those most likely to be contributing to Utah's tax base).

The Commission has promulgated a rule to determine nonresident status specifically for purposes of the sales tax exemption. The Commission argues Putvin meets three of the categories which disqualify him from claiming the exemption: (1) legal resident, (2) maintains a registered vehicle with Utah designated as home state, and (3) allows a vehicle to be kept or used by a Utah resident. While Putvin's legal residence creates a legitimate source of dispute[4], the uncontroverted facts in the record place him squarely within two other provisions which disqualify him as a nonresident for

*ment Employees Ins. Co. v. Dennis*, 645 P.2d 672, 674 (Utah 1982).

**4.** *See Allen v. Greyhound Lines, Inc.*, 583 P.2d 613, 614–15 (Utah 1978) (domicile is based on residence and intent to remain for an indefinite period).

purposes of the exemption. First, Putvin owned a motorcycle which was registered with Utah as the home state. Putvin does not dispute this fact, and the Commission has provided a copy of the registration as evidence. Second, Putvin allowed a motor vehicle to be kept by a resident of Utah. Putvin admits that the motorcycle remained and is still in Utah.

Putvin argues he only registered the motorcycle so that he could take it to Oregon, and the motorcycle subsequently broke down so he never transported it there. Nevertheless, the rule does not limit the disqualification to "operable" vehicles.

Putvin cannot escape the specific wording of Rule 873–22–1M(B)(2). We, therefore, affirm as reasonable the Commission's determination that he was not exempt from the sales tax on his purchases of the two automobiles.

JACKSON and RUSSON, JJ., concur.