DOXEY–HATCH MEDICAL
CENTER, Petitioner,

v.

DEPARTMENT OF HEALTH, Division
of Health Care Financing,
Respondent.

No. 940543–CA.

Court of Appeals of Utah.

June 29, 1995.

William L. Crawford, Salt Lake City, for petitioner.

J. Stephen Mikita, Douglas W. Springmeyer, and Jan Graham, Salt Lake City, for respondent.

Before ORME, BILLINGS and WILKINS, JJ.

WILKINS, Judge:

Doxey–Hatch Medical Center (Doxey–Hatch) appeals the final agency order of the Department of Health, Division of Health Care Financing (DHCF). After a formal adjudicative proceeding, DHCF denied Doxey–Hatch's application for medicaid reimbursement. We affirm.

## BACKGROUND

Doxey–Hatch was denied reimbursement for skilled nursing home care for Amber, a long-term Medicaid patient, for services provided from September 6, 1993 through November 30, 1993. Amber has been a Doxey–Hatch patient since November 1991. On September 1, 1993, Amber was taken to Primary Children's Medical Center, and on September 6, 1993, she was returned to Doxey–Hatch. Doxey–Hatch failed to submit to DHCF a preadmission transmittal form (Form 10/A) until December 1, 1993. As a result, Medicaid reimbursement was denied by DHCF for the period between Amber's readmission until the Form 10/A was submitted.

## ISSUES ON APPEAL

 Doxey–Hatch challenges the reasonableness and rationality of Utah Administrative Rule 455–9 (1990),[1] which requires the submission of a Form 10/A prior to the admission of a patient to a nursing facility, even if that patient is being readmitted after a hospital stay of longer than three days. We review Rule 455–9 for reasonableness and rationality. *South Davis Community Hosp./Romero v. Department of Health, Div. of Health Care Fin.*, 869 P.2d 979, 981–82 (Utah App.1994). Doxey–Hatch also challenges DHCF's application of Rule 455–9 in this case, claiming the agency's action was arbitrary or capricious. Pursuant to the

Utah Administrative Procedures Act, we review DHCF's action to determine if it was arbitrary or capricious, substantially prejudicing Doxey–Hatch. *See* Utah Code Ann. § 63–46b–16(4) (1993).

## ANALYSIS

DHCF was created under the Medical Assistance Act and given the responsibility and authority to establish criteria for Medicaid reimbursement, in accordance with the requirements of Title XIX of the Social Security Act and applicable federal regulations. Utah Code Ann. § 26–18–2.3(1) (1989); *see South Davis Community Hosp./Romero v. Department of Health, Div. of Health Care Fin.*, 869 P.2d 979, 981–82 (Utah App.1994). Consistent with this responsibility and authority, DHCF promulgated Rule 455–9, which provides that prior to any patient admission to a nursing facility, the facility must submit a Form 10/A to DHCF and be preauthorized in order to receive Medicaid reimbursement for that patient. Utah Admin.R. 455–9–10 (1990). This preadmission authorization requirement has already been reviewed by this court in *Romero* and was upheld as a reasonable and rational means to protect the taxpayers from the unnecessary or inappropriate expenditure of public funds.

Doxey–Hatch does not directly challenge the preadmission authorization criteria of Rule 455–9, but instead articulates its challenge as one to a *readmission* authorization requirement. This semantic distinction is created by a narrow exception in the rules to the preadmission authorization requirement in cases when a patient leaves a nursing facility, is admitted to a hospital, and returns to the original nursing facility within three days. In such a case, no authorization is required to readmit the patient to the original nursing facility. Utah Admin.R. 455–9–6G. Doxey–Hatch challenges the requirement that it submit a Form 10/A prior to a patient's admission to its nursing facility when the patient has already been authorized and admitted on a previous occasion, but is returning from a hospital admission of *more* than three days.

---

1. Rule 455 has been renumbered as Rule 414.

■ The requirement that a facility submit a Form 10/A in the case of a readmission after a hospital stay of more than three days is simply the *preadmission* authorization requirement of Rule 455–9, applicable to cases that do not fall under the narrow exception of Rule 455–9–6G.[2] The preadmission authorization requirement has been reviewed and upheld in *Romero,* and we will not disturb that ruling.[3] Therefore, Doxey–Hatch's challenge to the reasonableness and rationality of Rule 455–9 fails.

■ Doxey–Hatch also challenges DHCF's application of Rule 455–9 to the facts in this case. Doxey–Hatch argues that DHCF's denial of reimbursement was arbitrary and capricious because it was contrary to the agency's prior practice. *See* Utah Code Ann. § 63–46b–16(4)(h)(iii) (1993). On this issue, we can grant relief only if, on the basis of the record, we can determine that Doxey–Hatch has been substantially prejudiced by DHCF action which is "contrary to the agency's prior practice, unless the agency justifies the inconsistency by giving facts and reasons that demonstrate a fair and rational basis for the inconsistency." *Id.* The evidence before the administrative law judge (ALJ) indicated that DHCF had made only two exceptions in the past five years to the admittedly strict policy of timely submission of a Form 10/A. Both of those incidents were adequately explained and distinguished from the present case by the ALJ in her recommended decision, which was adopted by DHCF.[4] We hold that DHCF has demonstrated a fair and rational basis for not granting an exception to Doxey–Hatch. Therefore, DHCF's strict application of Rule 455–9 was not arbitrary or capricious. Thus, Doxey–Hatch's challenge to DHCF's application of Rule 455–9 fails.

Finally, DHCF argues that this appeal is frivolous under Rule 33 of the Utah Rules of Appellate Procedure because the same issues have already been resolved in *Romero.* We believe that Doxey–Hatch has at least presented a good faith argument to modify or reverse existing law. As such, we hold that the appeal is not frivolous under Rule 33.

## CONCLUSION

DHCF has the authority to establish criteria for Medicaid reimbursement. Pursuant to that authority, and consistent with federal regulations, DHCF requires, by Rule 455–9, the submission of a Form 10/A prior to the admission of a Medicaid patient to a nursing facility. This is required even if a patient is being readmitted to the same facility, unless the patient was admitted to a hospital and returned within three days. Doxey–Hatch failed to submit a Form 10/A upon Amber's readmission, which did not fall within the three-day exception. DHCF's rule is rational and reasonable, and its strict application to Doxey–Hatch was not arbitrary or capricious. Therefore, the order of DHCF denying reimbursement to Doxey–Hatch is affirmed.

ORME, P.J., and BILLINGS, J., concur.

---

**2.** Doxey–Hatch argues that Rule 455–9–6G does not apply to nursing facility admissions. Even if it did not, such a reading would only eliminate an exception under which Doxey–Hatch does not qualify. However, a complete reading of Rule 455–9–6G indicates that it is intended to cover readmissions to nursing facilities after hospital stays of three days or less.

**3.** Doxey–Hatch argues that since the federal government does not mandate that states require preadmission authorization on readmissions to nursing facilities, the state cannot do so. While it is accurate that a specific federal mandate does not exist, it does not follow that a state cannot so require on its own initiative in the interests of protecting public funds.

**4.** On one occasion, an employee of the Division of Family Services, an agent of DHCF, gave incorrect information regarding the necessity of a Form 10/A. On the other occasion, a director of nursing of a particular nursing facility had taken a patient's chart home and filled out a Form 10/A on the day before it was due. The next day, the director died unexpectedly and the form was not postmarked before the 5:00 p.m. deadline. The Form 10/A was accepted even though postmarked one day after the deadline.