STATE of Utah, Plaintiff and Appellee,

v.

Louis M. CLARK, Defendant and Appellant.

No. 950035–CA.

Court of Appeals of Utah.

March 7, 1996.

---

Robert L. Booker and Tracey E. Persons, Salt Lake City, for Appellant.

Jan Graham and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before BENCH, BILLINGS and WILKINS, JJ.

## OPINION

BILLINGS, Judge:

Defendant Louis M. Clark appeals the trial court's denial of his motion to correct his sentence. We conclude defendant's appeal is barred under the doctrine of res judicata and therefore dismiss defendant's appeal.

## FACTS

On November 18, 1992, defendant was convicted by jury trial of two counts of falsely signing a financial card sales slip. At the close of trial, the court indicated it would review the presentence report prepared by Adult Probation and Parole (AP & P) for Judge Hanson in a separate, but related case, and directed defendant to give AP & P any additional information which would assist the court in assessing an appropriate sentence. The court thereafter held three sentencing hearings in which the court advised defendant that if he made a statement to law enforcement officials regarding his alleged criminal activities, the court might be inclined to impose concurrent sentences. Defendant declined to cooperate with law enforcement, contending such a requirement violated his Fifth Amendment privilege against self-incrimination.

On March 22, 1993, over defendant's objections, the trial court sentenced defendant to two consecutive one to fifteen year terms to run consecutively to the sentence already imposed by Judge Hanson. The trial court found defendant had failed to provide the court with relevant background information and had failed to cooperate with state and federal investigators regarding the charged crimes and other similar crimes.

Defendant obtained new counsel and on April 22, 1993, filed a notice of appeal challenging his conviction and sentence. On April 5, 1994, after allowing defendant an opportunity to cure the deficiencies in his appeal, this court dismissed the action pursuant to Rule 3(a) of the Utah Rules of Appellate Procedure for defendant's failure to file an appellate brief.[1] Having failed to receive a motion for reinstatement, petition for rehearing, or notice that defendant had filed a petition for certiorari in the Utah Supreme Court, this court remitted the case to the district court on May 5, 1994.

Defendant again retained his trial counsel and on October 12, 1994, filed with the trial court a motion to correct sentence, pursuant to Rule 22(e) of the Utah Rules of Criminal Procedure,[2] contending the trial court inappropriately imposed consecutive sentences. Defendant argued that in the absence of a grant of immunity, the trial court had tried to force defendant to cooperate with state and federal investigators in violation of his

---

1. Defendant's brief was due March 10, 1994. By letter, dated March 17, this court extended the time for briefing to March 25, 1994. Defendant's brief was never submitted.

2. Rule 22(e) provides: "The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim. P. 22(e).

constitutional right to remain silent. Thus, defendant claimed the court illegally sentenced him to consecutive sentences based solely upon his exercise of this right.

The trial court denied defendant's motion, stating that, given the gravity of the crimes and the lack of information regarding defendant's background, family, or mitigating circumstances, the equities weighed in favor of a lengthy prison sentence. Finally, the court held that because defendant failed to timely prosecute his first appeal challenging his sentence, he had waived his right to subsequently challenge his sentence before the trial court. It is from the trial court's denial of this motion that defendant now appeals.

## ANALYSIS

Because the threshold issue of whether defendant's failure to prosecute his first appeal bars this court from reviewing the trial court's denial of his motion to correct his sentence is dispositive, we deal only with that issue. The State contends defendant's appeal should be barred based upon this court's dismissal of his first appeal for lack of prosecution. Defendant responds that a challenge to an illegal sentence can be raised in any court at any time.

The Utah Supreme Court recently held that because an illegal sentence is void, it, like issues of jurisdiction, can be raised *at any time*, in any forum. *State v. Brooks*, 908 P.2d 856, 859 (Utah 1995) (*Brooks II*); *cf. State v. Brooks*, 868 P.2d 818, 826 (Utah App.1994) (*Brooks I*) (concluding Rule 22(e) does not allow appellate court to address illegal sentence for first time on appeal), *overruled by Brooks II*, 908 P.2d at 858. However, although the supreme court held a criminal defendant may challenge an illegal sentence at any time and in any forum, the

court did not hold that a criminal defendant has the right to repeatedly challenge his or her sentence on the same legal basis. Because defendant chose *where* to attack his illegal sentence—before this court in his April 22, 1993 appeal—if the resolution of that appeal is an adjudication on the merits, it is res judicata with respect to a subsequent appeal on the same issue.[3]

■ Defendant's April 1993 appeal was dismissed by this court pursuant to Rule 3(a) of the Utah Rules of Appellate Procedure. In part, that rule provides: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, *which may include dismissal* of the appeal or other sanctions short of dismissal, as well as the award of attorney fees." (Emphasis added). Moreover, Rule 23A of the Rules of Appellate Procedure provides that within a reasonable time after entry of the order of dismissal, "[a]n appeal dismissed for failure to take a step other than the timely filing of a notice of appeal *may be reinstated by the court upon motion of the appellant.*" Utah R.App. P. 23A. Thus, a dismissal of an appeal for lack of prosecution does not, by itself, constitute an adjudication on the merits. However, the facts in the instant case require this court to reach the opposite result.

■ After permitting appellate counsel an opportunity to cure the deficiencies in the first appeal—permitting counsel additional time to file his appellate brief—this court dismissed that appeal. Although defendant still had a remedy available pursuant to Rule 23A, that remedy was not utilized. Moreover, counsel did not file a timely petition for

---

3. Defendant contends that had he pursued the April 1993 appeal, pursuant to this court's holding in *Brooks I*, this court would have dismissed that appeal for lack of jurisdiction, concluding the trial court was the appropriate forum in which to directly challenge an illegal sentence. We recognize the logic underlying this claim. However, defendant did not file a motion before this court requesting the case be remanded to the trial court for consideration of a challenge to defendant's sentence. Had appellate counsel

filed such a motion, this case would not be in the posture it is now, i.e., there would not be a prior adjudication on the merits regarding defendant's illegal sentence, and the instant appeal would therefore be proper.

Moreover, we think it is appropriate to note that defendant's trial counsel, who is also counsel in the present action, was not acting as defendant's attorney when the April 1993 appeal was filed and subsequently dismissed by this court for lack of prosecution.

rehearing in this court, or a petition for writ of certiorari in the supreme court. The time for filing any of the above entitled actions having elapsed, this court remitted defendant's case to the Third District Court on May 5, 1994. Having remitted the case, this court lost jurisdiction over the matter and therefore the dismissal of defendant's April 1993 appeal became an adjudication on the merits. Because defendant allowed this to occur, he was thereafter barred under the doctrine of res judicata from subsequently challenging his sentence on the same legal basis. Thus, we dismiss defendant's second appeal.[4]

BENCH and WILKINS, JJ., concur.

---

**4.** We note defendant is not without a remedy. Defendant may collaterally attack his sentence by extraordinary writ, alleging violation of his Fifth Amendment right to remain silent and his Sixth Amendment right to the effective assistance of appellate counsel. *See, e.g., Boggess v. Morris,* 635 P.2d 39, 40–41 (Utah 1981); *State v. Johnson,* 635 P.2d 36, 38 (Utah 1981).