2011 UT App 275

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ricardo A. RODRIGUEZ, Defendant and Appellant.**

No. 20110419–CA.

Court of Appeals of Utah.

Aug. 18, 2011.

Ricardo A. Rodriguez, Draper, Petitioner Pro Se.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Ricardo A. Rodriguez appeals the district court's April 18, 2011 order denying his motion to correct an illegal sentence. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 "The doctrine of res judicata serves the important policy of preventing previously litigated claims from being relitigated." *Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 33, 73 P.3d 325. Res judicata encompasses two distinct doctrines: claim preclusion and issue preclusion. *See id.* ¶ 34. "Generally, claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously." *Id.* Claim preclusion is applicable where: (1) both cases involve the same parties or their privies; (2) the barred claim was either presented in the first case, or the claim could have been, or should have been, presented in the first case; and (3) the prior case resulted in a final decision on the merits. *See id.*

¶ 3 The district court's order denying Rodriguez's 2011 motion to correct an illegal sentence determined that although rule 22(e) allows a defendant to file a motion to correct an illegal sentence at any time, the doctrine of res judicata bars a defendant from repeatedly challenging his or her sentence on the same ground that had been previously adjudicated on the merits. *See State v. Clark*, 913 P.2d 360, 362 (Utah Ct.App.1996).

¶ 4 Because Rodriguez's January 12, 2011 rule 22(e) motion to correct an illegal sentence involved the same parties and claims as his motion to correct an illegal sentence that was previously denied on the merits, the district court did not err by denying Rodriguez's 2011 motion on the ground that the doctrine of res judicata barred Rodriguez from repeatedly challenging his sentence on the same grounds that the court had previously rejected. *See id.*

¶ 5 Accordingly, the district court's April 18, 2011 order is affirmed.