2011 UT App 429

**STATE of Utah, in the interest of J.R. and M.R., persons under eighteen years of age.**

**J.R., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110927–CA.**

Court of Appeals of Utah.

Dec. 15, 2011.

David R. Boyer, Provo, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 J.R. (Mother) appeals the juvenile court's order terminating her parental rights in her two minor children. We dismiss the appeal.

¶ 2 After the juvenile court entered its formal order terminating Mother's parental rights in April 2011, Mother filed a notice of appeal. Pursuant to rule 55 of the Utah Rules of Appellate Procedure, that appeal was dismissed in May 2011 after Mother failed to file a petition on appeal. *See* Utah R.App. P. 55(a) (providing that if a petition on appeal is not timely filed, the appeal "shall be dismissed"). The appeal case was remitted to the juvenile court in June 2011, making the case final for all purposes. *See State v. Clark*, 913 P.2d 360, 363 (Utah Ct.App. 1996).

¶ 3 On October 3, 2011, the juvenile court entered another termination order identical to the April order with the exception of an additional notation in the caption. Mother filed another notice of appeal, opening the current case. A petition on appeal was filed in this appeal. However, given the procedural history of this case, this court is barred from considering this appeal.

¶ 4 First, the initial appeal bars this appeal. Because this court dismissed the first appeal and Mother did not seek any of the relief then available to attempt to obtain review of the dismissal, the case was remitted to the juvenile court. At that point, the "appeal became an adjudication on the merits." *Id.* Accordingly, Mother is barred by res judicata from challenging the termination of her rights in a subsequent order. *See id.* Res judicata precludes the relitigation of issues that were raised, *or that could have been raised*, in a prior litigation. *See State v. Garner*, 2005 UT 6, ¶ 8, 106 P.3d 729. The

---

issue raised in this appeal could have, and should have, been raised in the first appeal by filing a timely petition, and the issue is now barred. *See id.* As a result, the first appeal brought this case to its final conclusion.

¶ 5 Second, although the October order is an apparent attempt to reinstate the time for appeal, the order has no such effect. "[W]here a belated entry merely constitutes an amendment or modification not changing the substance of the judgment, such entry is merely a nunc pro tunc entry which relates back to the time the *original* judgment was entered, and does not enlarge the time for appeal." *Id.* ¶ 11 (emphasis added) (citation and internal quotation marks omitted). Here, the October order is exactly the same order as that entered in April, with the sole change being a handwritten "amended" added to the caption. There is no material amendment or modification. Accordingly, it does not operate to restart the time for appeal, and instead relates back to the April date of entry. *See id.* As a result, the notice of appeal filed in October is untimely from the April entry of the final judgment terminating Mother's parental rights. Where an appeal is not timely filed, this court lacks jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 6 Dismissed.[1]

---

1. Furthermore, although Mother asserts that the juvenile court erred in finding that termination was in the children's best interests because it would not substantially change the status quo, it is clear that adoption is the preferred permanent placement. "Certainly, [foster care] does not offer the same degree of permanency as a termi-

nation of parental rights and adoption." *In re R.A.J.,* 1999 UT App 329, ¶ 23, 991 P.2d 1118. Ultimately, it is in the children's best interests to provide permanency through adoption and "end the legal limbo of state custody." *In re J.D.,* 2011 UT App 184, ¶ 23, 257 P.3d 1062.